THE STATE, JOHN REYNOLDS ET AL., PROSECUTORS, v. THE MAYOR AND ALDERMEN OF THE CITY OF PATERSON, DEFENDANTS.

The act of March 23d, 1881 (*Pamph. L., p.* 194), does not give the court original power to tax or assess, but only to apply the provisions of existing valid laws to the case before the court.

---

On *certiorari.* In matter of tax.

Argued at November Term, 1886, before Justices REED, MAGIE and PARKER.

For the prosecutors, *George S. Hilton.*

For the defendants, *Francis Scott.*

The opinion of the court was delivered by

PARKER, J. The question of the legality of certain sewer taxes on certain real estate in the city of Paterson was argued before Justice Dixon and decided by him. He held that the validity of the taxes could not be sustained, because they were in conflict with article 4, section 7, paragraph 12, of the state constitution. The opinion held that the taxes had not been assessed according to the true value of the property. It also held that they could not be sustained as improvement assessments, because not imposed for and within the limits of special benefits derived from the improvement.

Justice Dixon did not decide whether there was any legislation justifying the tax or assessment, calling for the exercise of the power by the court, under the act of March 23d, 1881 (*Pamph. L., p.* 194), but gave the city authorities, upon being advised that they were entitled to some redress by reason of that statute, liberty of application therefor to the Supreme Court during its present term.

Such application has been made by the city authorities, through a petition setting forth the facts and referring to all the laws claimed to relate to the subject.

There is no constitutional act authorizing the tax in question or legalizing an assessment such as was laid in this case. Since the decision by Justice Dixon there has been no legislation on the subject. The act of 1881 does not give the court original power to tax or assess, but only to apply the provisions of existing valid laws on the subject to the case before the court.

The application in this case is denied, with costs.

The prosecutors may enter a rule setting aside the taxes in question, with costs.